**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD M. OSBORNE, SR.;<br>GREAT PLAINS EXPLORATION, LLC;<br>CENTER STREET INVESTMENTS, INC.;<br>CALLENDAR REAL ESTATE<br>DEVELOPMENT COMPANY, LLC;<br>and OSAIR, INC.,<br><br>Defendants. | Civil Action No. 1:11-cv-2039<br><br>**COMPLAINT** |

Plaintiff United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Richard M. Osborne, Sr. ("Osborne"), Great Plains Exploration, LLC ("Great Plains"), Center Street Investments, Inc. ("Center Street"), Callendar Real Estate Development Company, LLC ("Callendar"), and Osair, Inc. ("Osair") (collectively "Defendants"), for the discharge of pollutants into the waters of the United States in Painesville, Lake County, Ohio, without a

Section 404 Clean Water Act ("CWA") permit by the United States Department of the Army Corps of Engineers ("Corps"), in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2. In this action, the United States seeks to: (1) enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) require Defendants, at their own expense and at the direction of the EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Northern District of Ohio pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendants reside and/or conduct business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Ohio pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

**THE PARTIES**

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant Osborne is a private individual who resides and conducts business in the Northern District of Ohio. At all times relevant to this complaint, Defendant Osborne or entities controlled by Defendant Osborne either owned or otherwise controlled the real property

that is the subject of this Complaint and otherwise controlled the activities that occurred on such property. Defendant Osborne is the principal of Great Plains, the president of Center Street, and the founder, president and treasurer of Osair. Defendant Osborne resides at 8780 Foxhollow Drive, Kirkland Hills, Lake County, Ohio.

8. Defendant Great Plains is a limited liability company organized under the laws of Ohio which conducts business in the Northern District of Ohio, with a business address of 8500 Station Street in Mentor, Ohio.

9. Defendant Center Street is a company incorporated under Ohio law which conducts business in the Northern District of Ohio. Center Street's business address is 8500 Station Street in Mentor, Ohio.

10. Callendar is a limited liability company organized under the laws of Ohio which conducts business in the Northern District of Ohio.

11. Osair is a company incorporated under Ohio law which conducts business in the Northern District of Ohio. Richard M. Osborne is listed as the agent, at the address 7001 Center Street, Mentor, Ohio.

## STATUTORY BACKGROUND

13. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

14. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

15. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and cellar dirt.

16. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17. 33 C.F.R. § 328.3(a)(1), (2), (3), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

18. 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

19. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

20. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual, corporation, partnership, [or] municipality."

21. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

22. CWA section 404(e), 33 U.S.C. § 1344(e), authorizes the Corps to issue the permits referenced above on a state, regional, or nationwide basis for certain categories of activities involving discharges of dredged or fill material.

## GENERAL ALLEGATIONS

31. At all times relevant to the Complaint, one or more of the Defendants either owned, leased or otherwise controlled the real property that is the subject of this Complaint (hereinafter referred to as the "Great Plains Site"), and/or otherwise controlled the activities that occurred on such property.

32. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

33. The Great Plains Site is comprised of approximately 73 acres of land within the city of Painesville, Lake County, Ohio and bounded on the south by Blackbrook Road. A utility right-of-way runs east and west at the northern boundary of the Site. The Great Plains Site is depicted in Exhibit A.

34. The Great Plains Site is less than 0.5 miles south of the Grand River within the Grand River and Lake Erie watershed. The Grand River is a navigable-in-fact water of the United States under Section 10 of the River and Harbors Act.

35. Beginning in the summer of 2006 through the summer of 2008, one or more of the Defendants and/or persons acting on their behalf, or with Defendants' consent and/or knowledge, discharged dredged or fill material from point sources into waters of the United States without a permit under CWA section 404 at the Great Plains Site in the City of Painesville, Lake County, Ohio.

36. The dredged or fill material that one or more of the Defendants and/or persons acting on their behalf, or with Defendants' consent and/or knowledge, caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

37. One or more of the Defendants and/or persons acting on their behalf, or with Defendants' consent and/or knowledge, used mechanized land-clearing and earth-moving equipment to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

38. The activities in Paragraphs 35 - 37 include, but are not limited to, the following:

a. the discharge of fill material along either side of a storm sewer constructed in a wetlands drainage area at the northern boundary of the site, *see* Fill Area A as marked on Exhibit B;

b. the discharge of fill material along the western border of the north-south gravel access road at the Great Plains Site and south of the Containment Pond apparently consisting of stockpiled rock and debris crushed for recycling, *see* Fill Area B as marked on Exhibit B;

c. the discharge of fill material along the western border of north-south gravel access road at the Great Plains Site and north of the Containment pond consisting of side cast materials placed in wetlands along the road and along a ditch corridor that extends from the Containment Pond north to the storm sewer, *see* Fill Area C as marked on Exhibit B; and,

d. the discharge of fill material in the north-central portion of the Great Plains Site south-east of a maintenance building located near the northern border of the Great Plains Site, apparently consisting of a large pile of stockpiled dirt, asphalt, rock and semi-vegetated dirt, *see* Fill Area D as marked on Exhibit B;

e. the discharge of fill material in the far north-west corner of the Great Plains Site, apparently consisting of a large quantity of stone for a storm sewer pipe, into adjacent wetlands, *see* Fill Area E as marked on Exhibit B.

39. One or more of the Defendants either owned, leased or otherwise controlled the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

40. One or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities at issue in Paragraphs 35 - 37.

41. Defendants did not obtain a prior permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

42. The Great Plains Site wetland and tributaries are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder.

43. The Grand River flow and Mentor Marsh both flow into Lake Erie and the Grand River, Mentor Marsh and Lake Erie are all "waters of the United States" under 33 C.F.R. § 328.3(a) and 40 C.F.R. § 232.2.

44. Tributaries at the Great Plains Site have continuous flow either directly or indirectly through other tributaries to the Grand River or Mentor Marsh at least seasonally.

45. The impacted wetland at the Great Plains Site is adjacent to the Site tributaries that flow to the Grand River or Mentor Marsh.

46. The impacted wetlands at the Great Plains Site have or had a continuous

surface connection, prior to the subject unauthorized activities, to one or more of the Site tributaries that flow to the Grand River or Mentor Marsh.

47. The impacted wetlands at the Great Plains Site are less than a mile from the Grand River and Mentor Marsh and all impacted wetlands at the Great Plains site are adjacent to either the Grand River or to Mentor Marsh.

48. The impacted wetland at the Great Plains Site is part of a larger watershed of contiguous, similarly-situated waters, and exhibits flow characteristics and functions that, when considered alone or in combination with those similarly situated in the region, significantly affect the chemical, physical, and biological integrity of the Site's tributaries, the Grand River, Mentor Marsh and Lake Erie.

49. The impacted wetlands at the Great Plains Site, *inter alia*, provide or provided flood control and/or flood storage; provide or provided pollutant trapping and/or filtering functions; provide or provided nutrient transport; and/or maintain or maintained the chemical composition of the water, natural discharge patterns, and water quality functions that contributed to the aquatic and wildlife habitat of the watershed of the Grand River, Mentor Marsh and Lake Erie.

50. Prior to the unauthorized activities referenced in Paragraphs 35 - 37, above, the Great Plains Site contained approximately 10 to 20 acres of jurisdictional wetlands, as defined by 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2.

51. Defendants' activities at the Great Plains Site resulted in the filling between 2 and 5 acres of waters of the United States, and adverse impact to additional waters of the United States.

52. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands and tributaries, at the Great Plains Site.

53. Pursuant to CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, Defendants are liable for a civil penalty for each day of violation of CWA Section 301(a), 33 U.S.C. § 1311(a), in the wetlands and tributaries at the Great Plains Site.

55. Unless enjoined, Defendants and/or persons acting on their behalf, or with Defendants' consent and/or knowledge, are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the wetland and tributaries at Great Plains Site in violation of CWA section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

That the Defendants, or any combination thereof, be enjoined to undertake measures, at Defendants' own expense and at the direction of the Environmental Protection Agency, to effect complete restoration of the Great Plains Site and/or to conduct off-site mitigation for irreversible environmental damage, as appropriate;

That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

That the United States be awarded costs and disbursements in this action; and

That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Date: September 27, 2011

*<u>/s/ Matthew Robert Oakes</u>*
MATTHEW R. OAKES
Attorney
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-2686
Matthew.Oakes@usdoj.gov

STEVEN J. PAFFILAS (0037376)
Assistant U.S. Attorney
United States Courthouse
801 West Superior Avenue
Suite 400
Cleveland, OH 44113
216-622-3698
Fax 216-522-2404
Steven.paffilas@usdoj.gov

OF COUNSEL:

DIANA EMBIL
Associate Regional Counsel
United States Environmental Protection Agency
Region V
77 West Jackson Boulevard
Chicago, Illinois 60604
(312) 886-7889