UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV2039 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| RICHARD M. OSBORNE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #14) of Defendant, Richard M. Osborne, Sr. ("Osborne"), to Dismiss the Complaint of the United States.  For the reasons that follow, the Motion is denied.

**I. BACKGROUND**

This is a civil action commenced, by the United States, under Sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Defendants, Osborne; Great Plains Exploration, LLC ("Great Plains"); Center Street Investments, Inc. ("Center Street"); Callendar Real Estate Development Company, LLC ("Callendar"); and Osair, Inc. ("Osair").  The United States

seeks to: (1) enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) require Defendants, at their own expense and at the direction of the EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

The Complaint alleges that one or more of the Defendants either owned, leased or otherwise controlled, the real property known as the Great Plains Site, and/or otherwise controlled the activities that occurred on such property.  The United States alleges that, beginning in the summer of 2006 through the summer of 2008, one or more of the Defendants, and/or persons acting on their behalf, or with Defendants' consent and/or knowledge, discharged fill or dredged material from point sources into waters of the United States, without a prior permit from the Army Corps of Engineers, at the Great Plains Site, in violation of the CWA.  According to the Complaint, the Great Plains Site is comprised of approximately 73 acres of land within the City of Painesville [Osborne contends it is located in Painesville Township], Lake County, Ohio.  The Site is less than 0.5 miles south of the Grand River, within the Grand River and Lake Erie watershed.  The Grand River is a "navigable-in-fact" water of the United States under Section 10 of the River and Harbors Act.

The United States alleges Osborne owns or controls the real property known as the Great Plains Site. (Complaint, ¶ 7).  Also, Osborne controls the activities that occurred on such property.  *Id*.  Further, Osborne is the principal of Defendant Great Plains; the president of Defendant Center Street; and the founder, president and treasurer of Defendant Osair.

In his Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), Osborne argues that the

United States has failed to allege facts that would support personal liability. He asserts that the general "catch-all" wording of the Complaint fails to put any of the Defendants on notice of the particular claims against them; that he was acting solely within the scope of his agency with respect to the entities with interests in the property; and that he is shielded by Ohio corporate and limited liability company law. Moreover, Osborne contends the Complaint is lacking factual allegations to claim the named corporate Defendants are his alter egos, or that there is a cause of action stated for piercing the corporate veil. In its Response in Opposition (ECF DKT #23), the United States asserts that the facts pled in the Complaint, when viewed in a light most favorable to Plaintiff, give rise to a reasonable inference that Osborne himself had control and responsibility over the unauthorized earth-moving development activities and violations at the Site; and, therefore, Osborne is individually liable under the "responsible corporate officer" doctrine.

## II. LAW AND ANALYSIS

### Standard of Review

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleadings requirement is no longer governed by the lower threshold of the "no-set-of-facts" standard established in *Conley* v. *Gibson,* 355 U.S. 41 (1957). Rather, a well-pleaded complaint alleges enough facts, that, if accepted as true, "raise the right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, the facts garnered must be sufficient to

"state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). There was some initial doubt as to the scope of the plausibility standard set forth in *Twombly;* yet, the Supreme Court clarified two years later, in *Iqbal,* that the new pleading standard applied "to all civil actions." *Boroff v. Alza Corp.,* 685 F. Supp.2d 704, 707 (N.D. Ohio 2010) (quoting *Iqbal,* 129 S.Ct. at 1953). The universal applicability of the plausibility standard was rooted in the Supreme Court's interpretation and application of Rule 8, which governs "all civil actions and proceedings in the United States district courts," as set forth in Fed.R.Civ.P. 1. *Iqbal,* 129 S.Ct. at 1953.

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir.2007).

**Responsible Corporate Officer Doctrine**

The District Court for the Southern District of New York undertook a comprehensive analysis of the "responsible corporate officer" doctrine, in the context of the CWA, in *City of Newburgh v. Sarna*, 690 F.Supp.2d 136 (S.D.NY.2010). The *Sarna* decision is premised upon *United States v. Dotterweich*, 320 U.S. 277 (1943) (addressing liability under the Federal Food, Drug, and Cosmetic Act) and *United States v. Hodges X-Ray, Inc*., 759 F.2d 557 (6th Cir.1985) (addressing the Radiation Control for Health and Safety Act of 1968). *Sarna* concludes that the "responsible corporate officer" doctrine applies in civil enforcement cases brought under public health, safety and welfare statutes. The Court finds this conclusion compelling, and finds that the CWA is one such public welfare statute. The Court is further persuaded by the fact that every other federal district court to expressly address the issue has

found that the "responsible corporate officer" doctrine applies in cases, such as this one, seeking civil remedies for CWA violations. For example, a corporate officer, who has a responsible relationship to the unlawful conduct, and who is not without the power to prevent the violation, may be held liable. *See Friends of Sakonnet v. Dutra*, 738 F.Supp. 623, 626, 635 (D.R.I.1990).

The allegations in the Complaint demonstrate that Osborne, and the three business entities of which he is a principal, either owned or controlled the real property at the Great Plains Site; that pollutants were discharged into jurisdictional waters at the site with the consent or knowledge of Defendants; and that Defendants' actions, include conducting, contracting for, supervising, and/or otherwise controlling the unauthorized filling of wetlands, which resulted in the fill of "between 2 and 5 acres of waters of the United States, and adverse impact to additional waters of the United States." (Complaint, ¶¶ 7, 35, 39, 40, 51).

As *Sarna* and other courts have found, pleadings are sufficient to survive a motion to dismiss when they "[give] rise to the plausible inference" that the defendant is the "unifying link" between the named corporate entities. *Sarna*, 690 F.Supp 2d at 162-63. The allegations in the instant Complaint give rise to the plausible inference that Osborne was the unifying link among the three corporate Defendants, the unauthorized development activities, and the violations that took place at the site.

### III. CONCLUSION

Construing the Complaint in the light most favorable to Plaintiff, United States of America, accepting its allegations as true, and drawing all reasonable inferences in favor of Plaintiff, the Court holds that Plaintiff has stated a plausible claim that Defendant, Richard M.

Osborne, Sr., is individually liable for violations of the CWA under the "responsible corporate officer" doctrine. Therefore, Osborne's Motion (ECF DKT #14) to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 27, 2012**