**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:11CV2039** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **RICHARD M. OSBORNE, SR., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #15) of Defendants, Richard M. Osborne, Sr. ("Osborne"); Great Plains Exploration, LLC ("Great Plains"); Center Street Investments, Inc. ("Center Street"); Callendar Real Estate Development Company, LLC ("Callendar"); and Osair, Inc. ("Osair"), to Dismiss the Complaint of the United States. For the following reasons, the Motion is denied.

## I. BACKGROUND

This is a civil action commenced, by the United States, under Sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive

relief and civil penalties against Defendants, Osborne; Great Plains; Center Street; Callendar; and Osair.  The United States alleges that Defendants filled wetlands, at the property located in Painesville Township, Lake County, Ohio, with an address of 220 Blackbrook Road ("Property"), which are subject to federal regulatory jurisdiction, without obtaining necessary authorization through a permit from the United States Army Corps of Engineers.

Defendants move to dismiss the Complaint under Fed.R.Civ.P. 12(b)(6), arguing that the Complaint "contains little more than rote recitals of statutes and regulations without specific, substantive references to facts to support the allegations," and "[t]he failure by Plaintiff to plead with the requisite clarity amounts to little more than speculation that the Property falls within federal jurisdiction."  (ECF DKT #15, p. 4).

The Court has considered nearly identical arguments in an earlier case on its docket: *United States of America v. Richard M. Osborne, Sr.*, Case No. 1:11CV1029 (ECF DKT #100, March 30, 2012).

## II. LAW AND ANALYSIS

**Standard of Review**

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Fed.R.Civ.P. 8(a)(2).  Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleadings requirement is no longer governed by the lower threshold of the "no-set-of-facts" standard established in *Conley* v. *Gibson,* 355 U.S. 41 (1957).  Rather, a well-pleaded complaint alleges enough facts, that, if accepted as true, "raise the right to relief above the speculative level."  *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007).

While "detailed factual allegations" are not required, the facts garnered must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal,* 129 S.Ct. 1937, 1949-50 (2009). While there was initial concern about the scope of the plausibility standard set forth in *Twombly*; the Supreme Court clarified two years later, in *Iqbal,* that the new pleading standard applied "to all civil actions." *Boroff v. Alza Corp.,* 685 F.Supp.2d 704, 707 (N.D. Ohio 2010) (quoting *Iqbal,* 129 S.Ct. at 1953). The universal applicability of the plausibility standard is rooted in the Supreme Court's interpretation and application of Rule 8, which governs "all civil actions and proceedings in the United States district courts," as set forth in Fed.R.Civ.P. 1. *Iqbal, 129* S.Ct. at 1953.

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir.2007).

**United States' allegations**

In its Complaint, the United States makes the following recitations:

¶ 33. The Great Plains Site [Property] is comprised of approximately 73 acres of land within the City of Painesville, Lake County, Ohio and bounded on the south by Blackbrook Road. A utility right-of-way runs east and west at the northern boundary of the Site. The Great Plains Site is depicted in Exhibit A.

¶ 34. The Great Plains Site is less than 0.5 miles south of the Grand River within the Grand River and Lake Erie watershed. The Grand River is a navigable-in-fact water of the United States under Section 10 of the River and Harbors Act.

* * * *

¶ 42. The Great Plains Site wetland and tributaries are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder.

-3-

¶ 43.   The Grand River and Mentor Marsh both flow into Lake Erie and the Grand River, Mentor Marsh and Lake Erie are all "waters of the United States" under 33 C.F.R. § 328.3(a) and 40 C.F.R. § 232.2.

¶ 44.   Tributaries at the Great Plains Site have continuous flow either directly or indirectly through other tributaries to the Grand River or Mentor Marsh at least seasonally.

¶ 45.   The impacted wetland at the Great Plains Site is adjacent to the Site tributaries that flow to the Grand River or Mentor Marsh.

¶ 46.   The impacted wetlands at the Great Plains Site have or had a continuous surface connection, prior to the subject unauthorized activities, to one or more of the Site tributaries that flow to the Grand River or Mentor Marsh.

¶ 47.   The impacted wetlands at the Great Plains Site are less than a mile from the Grand River and Mentor Marsh and all impacted wetlands at the Great Plains Site are adjacent to either the Grand River or to Mentor Marsh.

¶ 48.   The impacted wetland at the Great Plains Site is part of a larger watershed of contiguous, similarly-situated waters, and exhibits flow characteristics and functions that, when considered alone or in combination with those similarly situated in the region, significantly affect the chemical, physical, and biological integrity of the Site's tributaries, the Grand River, Mentor Marsh and Lake Erie.

¶ 49.   The impacted wetlands at the Great Plains Site, *inter alia*, provide or provided flood control and/or flood storage; provide or provided nutrient transport; and/or maintain or maintained the chemical composition of the water, natural discharge patterns, and water quality functions that contributed to the aquatic and wildlife habitat of the watershed of the Grand River, Mentor Marsh and Lake Erie.

¶ 50.   Prior to the unauthorized activities referenced in Paragraphs 35-37, above, the Great Plains Site contained approximately 10 to 20 acres of jurisdictional wetlands, as defined by 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2.

## CWA jurisdiction

Section 301(a) of the CWA prohibits the "discharge of any pollutant by any person"

-4-

except as specifically authorized by the Act.  33 U.S.C. § 1311(a).  The Secretary of the Army, acting through the U.S. Army Corps of Engineers ("Corps"), or a State with an approved program, is empowered to issue a permit "for the discharge of dredged or fill material into the navigable waters at specified disposal sites."  33 U.S.C. § 1344(a).  Further, the CWA defines "navigable waters" to mean "the waters of the United States."  33 U.S.C. § 1362(7).  The Corps has promulgated regulations and key definitions regarding the "waters of the United States."  The definitions encompass traditional navigable waters, which include tidal waters and waters susceptible to use in interstate commerce (33 C.F.R. § 328.3(a)(1)); "tributaries" of traditional navigable waters (33 C.F.R. § 328.3(a)(5)); and wetlands that are "adjacent" to other covered waters (33 C.F.R. § 328.3(a)(7)).  "Adjacent" wetlands are such that are "bordering, contiguous, or neighboring" other jurisdictional waters and include "[w]etlands separated from other waters of the United States by man-made dikes or barriers, natural river berms, beach dunes and the like."  33 C.F.R. § 328.3(c).  The Supreme Court has upheld the exercise of CWA regulatory jurisdiction over wetlands that are adjacent to traditional navigable waters.  *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 134 (1985).

### ***Rapanos* jurisdictional test**

In *Rapanos v. United States*, 547 U.S. 715 (2006), a four-Justice plurality interpreted "waters of the United States" to include "relatively permanent, standing or continuously flowing bodies of water," that are connected to traditional navigable waters, as well as wetlands with a continuous surface connection to such water bodies.  *Id.* at 739, 742.  In his concurrence, Justice Kennedy interpreted the phrase as encompassing wetlands that "possess a 'significant nexus' to waters that are or were navigable in fact or that could reasonably be so

-5-

made." *Id.* at 759 (Kennedy, J., concurring in the judgment).  Justice Kennedy also found the

Corps' assertion of regulatory jurisdiction over "wetlands adjacent to navigable-in-fact

waters" is sustained by a showing of "adjacency" alone; and, moreover, the Corps' definition

of adjacency is "a reasonable one." *Id.* at 775, 780.  The four dissenters determined that

"waters of the United States" includes all tributaries and wetlands that satisfy either the

plurality's standard or Justice Kennedy's.  *Id.* at 810, n.14 (Stevens, J., dissenting).

In *United States v. Cundiff*, 555 F.3d 200, 210-13 (6th Cir.2009), the Sixth Circuit

declined to choose between the *Rapanos* plurality or the Kennedy standard.  Moreover, it

appears that the Third, Fourth, Fifth, and Ninth Circuits have "reserved" the issue of which

*Rapanos* test controls in CWA enforcement actions, leaving the district courts with little

guidance.  *See United States v. Donovan*, 661 F.3d 174, 182 n.7 (3rd Cir.2011).

In *Rapanos*, 547 U.S. at 775, 780, the Corps' definition of adjacent wetlands was

found by the Supreme Court to be a permissible and reasonable interpretation.  (ECF DKT

#93 at 6-7).  The Corps has explained that the adjacent wetlands are defined to include those

"that form the border of or are in ***reasonable proximity*** to other waters of the United States."

42 Fed. Reg. 37, 122, 37, 128 (July 19, 1977) (emphasis added).  As an agency responsible for

implementing the CWA, the Corps' interpretation of its regulation controls unless it is plainly

erroneous or inconsistent with the regulatory text.  *Thomas Jefferson Univ. v. Shalala*, 512

U.S. 504, 512 (1994).  Thus, consistent with the Corps' definitions, explanations and the

regulatory text, adjacent wetlands include those reasonably proximate, "bordering, contiguous

or neighboring," though not in direct contact, with other "waters of the United States."

The United States, in the instant Complaint, has pled the existence of wetlands on the

Property, which are less than 0.5 miles south of the Grand River, a "navigable-in-fact" water of the United States.  The Complaint further alleges that the impacted wetlands at the Great Plains Site are part of a larger watershed of contiguous, similarly-situated waters that, when considered alone or in combination with those similarly situated in the region, significantly affect the chemical, physical, and biological integrity of the Site's tributaries, the Grand River, Mentor Marsh and Lake Erie.

## III. CONCLUSION

Taking the Complaint's factual allegations as true, and applying *Rapanos* and the regulatory definitions and explanations, the Court finds that it is reasonable to draw the inference that the wetlands on the Property at the Great Plains Site are plausibly adjacent to a navigable body of water, and that the nexus between the wetlands and waters at the site, the Grand River and the Mentor Marsh, are hydrologically, chemically and ecologically significant.  The Court further concludes that the Complaint pleads jurisdiction under the CWA, and plausibly gives rise to an entitlement to relief under that Act.  Therefore, the Motion (ECF DKT #15) of Defendants, Richard M. Osborne, Sr.; Great Plains Exploration, LLC ; Center Street Investments, Inc.; Callendar Real Estate Development Company, LLC; and Osair, Inc., to Dismiss the Complaint of the United States of America pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**_____
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated:  September 27, 2012

-7-