**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.1:11CV2039** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **RICHARD OSBORNE, SR.,** *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the court upon the Motion (ECF DKT # 27) of Plaintiff, the United States of America, for: (1) an order declaring that the United States' pursuit of the action brought in this Court against Defendant, Great Plains Exploration, LLC ("Great Plains"), is not subject to the automatic stay imposed by § 362(a)(1) of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), because of the police and regulatory exception in §362(b)(4); and (2) for an order that discovery may commence against all Defendants, including Great Plains.

Defendants filed a Response (ECF DKT # 31) in Opposition to Plaintiff's Motion to Lift Bankruptcy Stay and Plaintiff has filed a Reply (ECF DKT # 32) in Support of their Motion.

1

**I.  BACKGROUND FACTS**

On September 27, 2011, the United States filed its Complaint against Defendants under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), seeking injunctive relief and civil penalties against Defendants for the discharge of pollutants into waters of the United States in Painesville, Lake County, Ohio without a section 404 CWA permit by the United States Department of the Army Corps of Engineers, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).  Specifically, the Complaint concerns unlawful filling of wetlands on real property known as the Great Plains Site (the "Site").  The Site is comprised of 73-acres of land within the City of Painesville, Lake County, Ohio and bounded on the south by Blackbrook Road.  The Site is less that 0.5 miles south of the Grand River, within the Grand River and Lake Erie watershed.  Beginning in the summer of 2006 through the summer of 2008, one or more of the Defendants and/or persons acting on their behalf, or with Defendants' consent and/or knowledge, discharged dredged or fill material from point sources into waters of the United States without a section 404 permit.  Prior to the unauthorized discharge, the Site contained approximately 10 to 20 acres of wetlands.  Defendants activities resulted in the filling of between 2 to 5 acres of those wetlands.

On January 4, 2012, the United States filed a "Report of the Parties' Planning Meeting under Fed. R. Civ. P. 26(f) and LR 16.3(b)" (ECF DKT # 21) in which the parties agreed that the case was suitable for mediation, and that pre-discovery disclosures required under Fed. R. Civ. P. 26(a)(1) should be deferred.  The Report also recommended a discovery plan.  On January 9, 2012, the parties participated in a Case Management Conference before Judge Donald C. Nugent's law clerk and discussed the recommendations in the Report.  During this conference,

the parties agreed to refer this matter to mediation, and the clerk agreed to recommend a referral. No referral issued, however, and on January 12, 2012, this case was reassigned from Judge Nugent to Judge Christopher A. Boyko (ECF DKT # 22).

On January 18, 2012, Defendant, Great Plains Exploration, LLC, filed for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Pennsylvania, Case No. 12-10058.  On January 24, this Court issued an Order (ECF DKT #26), pursuant to 11 U.S.C. § 362, imposing an automatic stay of the proceedings as against Great Plains.  Counsel for the United States subsequently conferred with Counsel for Defendants concerning a mediation schedule.  Counsel for Defendants takes the position that the entire case is stayed due to the automatic bankruptcy stay and that neither mediation nor discovery is authorized because of the stay.  Based on Defendants' position, the United States believes that mediation is unlikely to be productive at this stage, and seeks to proceed with discovery.

## II.  LAW AND ANALYSIS

Plaintiff contends that the automatic stay under 11 U.S.C. § 362(a) does not apply to its action against Defendant Great Plains.  Section 362(a) provides, in relevant part, that the filing of a petition in bankruptcy operates as a stay of:

> (1) the commencement or continuation... of a judicial... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362 (a)(1).  Plaintiff correctly points out that the automatic stay does not apply to all claims, as the Bankruptcy Code includes numerous exceptions to the automatic stay in § 362(b)(1)-(28).  Plaintiff specifically directs the Court to § 362(b)(4), which states that

3

the automatic stay does not apply to:

> the commencement or continuation of an action or proceeding by a governmental unit... to enforce such governmental unit's... police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's... police or regulatory power.

Congress "clearly intended for the police power exception to allow governmental agencies to remain unfettered by the bankruptcy code in exercise of their regulatory powers." *In re Commerce Oil Co.*, 847 F.2d 295 (6th Cir. 1988). In *Commerce Oil*, the Sixth Circuit declared that the preservation of the debtor's estate does not exceed the importance of the enforcement of environmental protection laws which Congress explicitly excepted from the automatic stay in § 362(b). *Id.* at 297.

Plaintiff cites to a long line of cases showing that the Sixth Circuit and other circuit courts hold that § 362 does not stay governmental proceedings to enforce statutes protecting human health and the environment. *See Id.*; *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 350-1 (6th Cir. 1986) (proceeding under Clean Air Act falls under regulatory exception); *United States v. Wheeling-Pittsburgh Steel Corp.*, 818 F.2d 1077, 1086-87 (3rd Cir. 1987).

Great Plains does not challenge the Plaintiff's claim of an exception to the automatic stay under § 362(b)(4); and even admits that the Court has concurrent jurisdiction in determining the applicability of the automatic bankruptcy stay. *See N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939-40 (6th Cir. 1986); *Chao v. Hospital Staffing Serv., Inc.*, 270 F.3d 374, 383-84 (6th Cir. 2001). Instead, Great Plains claims that the Court should adhere to the doctrine of permissive abstention, and abstain from deciding

this motion out of deference to the United States Bankruptcy Court for the Western District of Pennsylvania.

However, as the United States correctly points out, Great Plains fails to cite to any of the factors courts look at when determining whether or not permissive abstention should be applied. Rather, Great Plains makes bald assertions that the principles of comity and permissive abstention should apply. While Great Plains, admittedly, does not have the burden of persuasion on this motion, the Court notes that Great Plains presents no argument or authority justifying the Court's abstention from deciding this Motion on the Merits.

### III. CONCLUSION

The Court concludes that the automatic bankruptcy stay does not apply to Plaintiff, the United States of America, under 11 U.S.C. § 362(b)(4); and, therefore, Plaintiff may immediately commence discovery against Defendant. Plaintiff's Motion (ECF DKT # 27) is GRANTED.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: November 2, 2012**