IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:11-cv-2039 |
| RICHARD M. OSBORNE SR., et al., | ) Judge Boyko |
| Defendants. | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiff the United States of America ("United States") hereby moves for entry of the previously lodged proposed Consent Decree (Dkt. No. 170-1), which would resolve all claims asserted in this case by the United States against Defendants Richard M. Osborne, Sr.; Osair, Inc.; Center Street Investments, Inc.; and Callendar Real Estate Developments Co., LLC (collectively, the "Osborne Defendants") and Defendant Great Plains Exploration, LLC ("Great Plains"); and all counterclaims asserted by the Osborne Defendants against the United States. Pursuant to Paragraph 41 of the proposed Consent Decree, Defendants have agreed to entry. Additionally, and in accordance with Paragraph 40, the United States Bankruptcy Court for the Western District of Pennsylvania has provided its approval for the Bankruptcy Trustee for Great Plains to participate in the Consent Decree, notice of which was filed on October 9, 2018. Dkt. No. 172. Accordingly, and for the reasons set forth in the accompanying Memorandum of Law, the Court should sign and date the proposed Consent Decree where indicated on page 16 of Dkt. No. 170-1, and enter said decree as an order of the Court.

1

October 10, 2018                                       Respectfully submitted,

                                                       JEFFREY H. WOOD
                                                       Acting Assistant Attorney General
                                                       Environment and Natural Resources
                                                       Division

                                                       /s/ *Kate R. Bowers*
                                                       KATE R. BOWERS
                                                       PHILLIP R. DUPRÉ
                                                       Environmental Defense Section
                                                       Environment and Natural Resources
                                                       Division
                                                       U.S. Department of Justice
                                                       P.O. Box 7611
                                                       Washington, D.C. 20044
                                                       (202) 307-0930 (Bowers)
                                                       (202) 616-7501 (Dupré)
                                                       kate.bowers@usdoj.gov
                                                       phillip.r.dupre@usdoj.gov
                                                       *Counsel for United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:11-cv-2039 |
| RICHARD M. OSBORNE SR., et al., | ) ) | Judge Boyko |
| Defendants. | ) ) ) | |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE

## INTRODUCTION

In the Amended Complaint, Plaintiff United States of America ("United States") alleges that Defendants Richard M. Osborne, Sr.; Osair, Inc.; Center Street Investments, Inc.; and Callendar Real Estate Developments Co., LLC (collectively, the "Osborne Defendants") and Defendant Great Plains Exploration, LLC ("Great Plains"), violated sections 301(a) and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a) and 1344, by filling jurisdictional wetlands without a permit on a 73-acre parcel of land in Painesville, Ohio (the "Site").  Dkt. No. 89 ¶¶ 1, 37.  The Osborne Defendants filed five counterclaims against the United States, Dkt. No. 42; the Court dismissed all counterclaims except an as-applied challenge to the constitutionality of the United States Environmental Protection Agency and Army Corps of Engineers' assertion of regulatory jurisdiction over the Site under the Due Process Clause and the Commerce Clause.  Dkt. No. 79.

On August 10, 2018, the United States lodged a proposed Consent Decree resolving all claims asserted by the United States against Defendants, and all claims asserted by the Osborne

1

Defendants against the United States.  *See* Notice of Lodging of Consent Decree, Dkt. No. 170.  In accordance with 28 C.F.R. § 50.7 and Paragraph 41 of the Consent Decree, the United States published notice of lodging of the Consent Decree in the Federal Register and invited the public to comment on the Decree.  *See* 83 Fed. Reg. 44,673 (Aug. 31, 2018).  No comments were received in response to the United States' Federal Register notice.

Defendants consent to entry of the Consent Decree in accordance with Paragraph 41.  Additionally, and in accordance with Paragraph 40, the United States Bankruptcy Court for the Western District of Pennsylvania has provided its approval for the Bankruptcy Trustee for Great Plains to participate in the Consent Decree, notice of which was filed on October 10, 2018.  Dkt. No. 172.  The United States respectfully requests that the Court approve the Consent Decree as fair, reasonable, and consistent with the Clean Water Act.  A signature line for the Court appears on page 16 of the Consent Decree.

## ARGUMENT

### I. Standard for Entry of the Consent Decree

"The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge."  *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (internal quotations omitted).  Courts generally accord substantial deference, however, to negotiated settlements where the United States has entered into a consent decree.  The United States Supreme Court has stated:

> [S]ound policy would strongly lead us to decline . . . to assess the wisdom of the Government's judgment in negotiating and accepting the . . . consent decree, at least in the absence of any claim of bad faith or malfeasance on the part of the Government in so acting.

*Sam Fox Publ'g Co. v. United States*, 366 U.S. 683, 689 (1961).  Moreover, when the United States seeks entry of a consent decree on behalf of EPA to enforce a federal environmental law, EPA's determination as to the appropriateness of the consent decree is entitled to deference, and the presumption in favor of voluntary settlement is "particularly strong."  *See United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1424, 1436 (6th Cir. 1991); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990).

Courts should approve consent decrees if they are "fair, adequate, and reasonable, as well as consistent with the public interest."  *United States v. County of Muskegon*, 298 F.3d 569, 580-81 (6th Cir. 2002) (internal quotations omitted).  *See also Akzo Coatings*, 949 F.2d at 1426 (describing the general test for consent decrees as "the standard of fairness, reasonableness, and consistency with the [applicable] statute").  If a consent decree meets this test, the district court should approve the consent decree as written; it should not change the terms of the agreement as stipulated to by the parties.  *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991).  The proposed Consent Decree satisfies these criteria and is consistent with the CWA.  Accordingly, the Court should approve the decree and enter it.

## II.     The Consent Decree Is Procedurally Fair.

To measure procedural fairness, courts typically "look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance."  *Cannons Eng'g Corp.*, 899 F.2d at 86 (citations omitted).  The procedural fairness requirement is satisfied if a settlement is reached through arms-length negotiations in which all parties have an opportunity to participate and the United States acts in good faith.  *Id.* at 87.  The agreement contained in the Consent Decree is the result of fair and open negotiations between the United States, the Osborne Defendants, and the Bankruptcy Trustee for Great Plains.  The parties conducted settlement

3

negotiations for more than three years, had numerous telephone calls and in-person meetings—often under the supervision of a mediator and magistrate judge—to discuss the terms of the settlement, and exchanged multiple settlement proposals. After agreeing upon a framework for settlement, the parties exchanged multiple drafts of the Consent Decree, and each party had ample opportunity to review and comment upon it. During arms-length negotiations, Defendants were ably represented by their counsel. There is no hint of bad faith with respect to this settlement. Therefore, the Consent Decree is procedurally fair.

### III. The Consent Decree Is Substantively Fair.

Substantive fairness is rooted in "concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Cannons Eng'g Corp.*, 99 F.2d at 87. The Consent Decree is also substantively fair because the relief is proportionate to the violations alleged. In light of the Court's determination that Defendant Richard Osborne, Sr. does not have the ability to pay the civil penalty sought by the United States for the violations alleged in the Amended Complaint, the United States has agreed to waive any and all civil penalties against the Osborne Defendants, all of which are owned and controlled by Mr. Osborne, for the CWA violations alleged in the Amended Complaint. Consent Decree ¶ 9. Additionally, the Consent Decree does not require Great Plains to pay a civil penalty given Great Plains' Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania (No. 12-10058-TPA). *Id.* ¶ 10. Under the terms of the Consent Decree, however, the United States will have an allowed administrative claim against Great Plains in the amount of $20,000, in Great Plains' Chapter 7 proceeding. *Id.* ¶ 11. These terms are consistent with the statutory factors set forth in CWA Section 309(d), 33 U.S.C. § 1319(d), in that they reflect Defendants' inability to pay a civil penalty.

Furthermore, the Consent Decree requires the Osborne Defendants to transfer approximately 10.5 acres of high-quality wetlands at the Site (the "Preservation Area") to the Lake County Land Reutilization Corporation to be preserved. Consent Decree ¶ 13. The Lake County Land Reutilization Corporation will then transfer the Preservation Area to the Lake County Soil and Water Conservation District to handle the ongoing preservation of the property. *Id.* The Consent Decree also requires the Osborne Defendants to place a restrictive covenant on the Preservation Area to restrict its use in perpetuity, and to specifically prohibit certain activities on the Preservation Area. *Id.* ¶ 14. The payment to be made by the Great Plains Bankruptcy Trustee is to be disbursed to the Lake County Soil and Water Conservation District for the purpose of funding the conservation of the Preservation Area in perpetuity. *Id.* ¶ 19. In the event the Osborne Defendants are unable to cause the Preservation Area to be transferred and preserved, the Consent Decree allows them to petition the Court to relieve them of their obligation to do so if it finds good cause. *Id.* ¶ 22. In that case, the Court may order alternate injunctive relief to remedy the environmental harms from the alleged CWA violations, *id.* ¶¶ 22-23, and the payment to be made by the Great Plains Bankruptcy Trustee will be applied toward the completion of the alternate injunctive relief ordered by the Court, *id.* ¶ 20.

## IV.     The Consent Decree Is Adequate and Reasonable.

The principal factor in evaluating whether a consent decree is adequate or reasonable is "'the decree's likely effectiveness as a vehicle for cleansing'" the environment. *United States v. Lexington-Fayette Urban County Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (quoting *Akzo Coatings*, 949 F.2d at 1437). The remedy set forth in the Consent Decree will adequately offset the environmental harms alleged in the Amended Complaint by, as described above, providing for the preservation in perpetuity of high-quality wetlands on the Site. The Consent Decree

5

establishes deadlines for the steps to be taken with respect to the Preservation Area, and creates a process for alternate injunctive relief in the event the Osborne Defendants are unable to cause the Preservation Area to be transferred and preserved. Accordingly, the Consent Decree is adequate and reasonable.

### V. The Consent Decree Is in the Public Interest and Furthers the Goals of the CWA.

Finally, the Consent Decree furthers the public interest in that it adheres to the purposes and goals of the CWA. The CWA's chief objective is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The Consent Decree fulfills that objective by, among other things, enjoining Defendants from discharging any pollutant into waters of the United States located within the Site, unless such discharge complies with the CWA and its implementing regulations. Consent Decree ¶ 12. The Consent Decree also furthers the CWA's goals by, as discussed above, providing for the conservation in perpetuity of high-quality wetlands on the Site, and for the funding of that conservation through an administrative claim payment by the Great Plains Bankruptcy Trustee. Moreover, the Consent Decree will allow all parties to avoid the significant time and expense associated with litigating their positions.

### CONCLUSION

For the foregoing reasons, the Consent Decree is fair, adequate, reasonable, and in the public interest. The Court should grant the Motion to Enter, and sign and enter the Consent Decree as an order of the Court.

October 10, 2018

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ *Kate R. Bowers*
KATE R. BOWERS
PHILLIP R. DUPRÉ
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 307-0930 (Bowers)
(202) 616-7501 (Dupré)
kate.bowers@usdoj.gov
phillip.r.dupre@usdoj.gov
*Counsel for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Plaintiff's Unopposed Motion for Entry of Consent Decree and Memorandum in Support was filed electronically on October 10, 2018, via the Court's CM/ECF system, which sends a Notice of Electronic Filing to counsel of record.

/s/ *Kate R. Bowers*
Kate R. Bowers